```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
----------------------------------------

LONE STAR AMERICAS ACQUISITIONS,
INC., ET AL.,

                      **Plaintiffs,**

      - against -

SUSA FINANCIAL, INC. d/b/a
FIRSTFUNDING, INC.,

                      **Defendant.**

22-cv-8852 (JGK)

MEMORANDUM OPINION AND
ORDER

----------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, Lone Star Americas Acquisitions, Inc. ("Lone Star") and LSRMF3 AQ Holdings Trust (the "Trust"), filed this action against the defendant, SUSA Financial, Inc. d/b/a FirstFunding, Inc. ("FirstFunding"), in the Supreme Court of the State of New York, New York County. On October 17, 2022, the defendant removed this case to the District Court for the Southern District of New York on the basis of diversity of citizenship. On November 16, 2022, the plaintiffs filed this motion to remand the case to state court, asserting that there is incomplete diversity of citizenship because plaintiff Lone Star's principal place of business is in Texas, where the defendant is incorporated. The defendant opposed the plaintiffs' motion to remand, arguing that Lone Star's principal place of business is actually in New York and not in Texas. The defendant separately filed a motion to dismiss the complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6). In the alternative, the defendant requests jurisdictional discovery to clear up any "doubt . . . as to Lone Star's principal place of business." Def.'s Opp'n, ECF No. 23, at 6.

For the reasons explained below, the defendant's request for jurisdictional discovery is **denied,** the plaintiffs' motion to remand is **granted,** and the defendant's motion to dismiss is **denied without prejudice** as moot.

I.

The plaintiffs commenced this action in state court on September 13, 2022, asserting various state-law claims against the defendant in connection with an alleged agreement for the sale of certain mortgage loans. See Def.'s Notice of Removal, Ex. A (Compl.), ECF No. 1-1. The defendant removed this action to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant" to federal court.[1] 28 U.S.C. § 1441(a); Def.'s Notice of Removal, ECF No. 1, ¶ 7. The defendant asserted federal subject-matter jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a). Def.'s Notice of Removal ¶ 15. The defendant is incorporated in

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

Texas and has its principal place of business in California. Id. ¶ 12.

The plaintiffs challenge removal on the ground that complete diversity of citizenship is lacking. Pls.' Mem. of Law, ECF No 13 ("Pls.' Mem."), at 5-10. The plaintiffs contend that Lone Star's principal place of business is in Texas, the same state in which the defendant is incorporated, thereby destroying complete diversity. Id. at 6. In response, the defendant argues that Lone Star is actually headquartered in New York, New York. Def.'s Opp'n at 4-5.

## II.

Removal from state court is governed by 28 U.S.C. § 1441, which provides, as relevant here, that the only "civil action[s]" subject to removal are those over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[A] district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court . . . either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019). Diversity jurisdiction, which is the type of subject-matter jurisdiction at issue in this case, requires complete diversity between all named plaintiffs and all

3

named defendants. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." Cal. Pub. Emps.' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (quoting Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir. 1994)).

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). In this case, the only dispute with respect to the existence of complete diversity is whether Lone Star has its principal place of business in Texas (where the defendant is incorporated) or in New York. Whether a corporation has offices or does business in any given state is not controlling for this analysis. See Vays v. Ryder Truck Rental, Inc., 240 F. Supp. 2d 263, 265 (S.D.N.Y. 2002). Rather, according to the "nerve center" test, as adopted by the Supreme Court in Hertz Corp., a corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." 559 U.S. at 80.

All of the evidence presented on this motion points in the same direction, showing that Lone Star has its "nerve center" in

4

Texas. Both members of Lone Star's Board of Directors work in Texas, where they execute high level corporate decisions, such as appointing corporate officers, adopting corporate bylaws, and approving mergers. See Smith Decl., ECF No. 12, ¶¶ 3-6; see also id., Exs. C, D, E, ECF Nos. 12-1, 12-2, 12-3. Seven out of nine of Lone Star's corporate officers work in Texas; none work in New York. Id. Ex. C. Lone Star's tax documents and a filing with the Delaware Secretary of State concerning Lone Star's recent merger identify Lone Star's principal place of business in Texas. Id. Exs. F, G, ECF Nos. 12-4, 12-5.

On the other hand, the defendant has failed to present any evidence that Lone Star's principal place of business is in New York. The defendant first pointed to the listing of Lone Star's New York office on the corporation's website. Def.'s Notice of Removal ¶ 13. Besides the fact that the website lists several offices located all over the world, nowhere does it claim that the New York office is Lone Star's principal place of business. Smith Decl., Ex. H, ECF No. 12-6. The defendant also points to email correspondence with Lone Star executives in connection with the transaction at issue in this case, asserting that these communications establish that these executives were directing Lone Star's activities from the New York office. Def.'s Opp'n at 1. This assertion is erroneous on two counts. First, one of the executives identified works in Texas. Smith Decl. ¶ 16. Second,

correspondence in connection with one deal does not establish that the nerve center of the corporation is in New York. See Hertz Corp., 559 U.S. at 93 (rejecting tests based on "measuring the total amount of business activities that the corporation conducts [in a particular State] and determining whether they are significantly larger than in the next-ranking State"). Finally, the defendant argues that an earlier draft version of the plaintiffs' complaint admits that Lone Star's principal place of business is in New York. See Joyner Decl., ECF No. 24, ¶ 10. However, that version only alleged that Lone Star had an office in New York, not that its principal place of business was in New York. Id., Ex. C, ECF No. 24-3, Verified Compl. ¶ 2.

It is therefore clear that Lone Star's principal place of business is not in New York, but in Texas, the Lone Star State. Because both Lone Star and the defendant are citizens of Texas, complete diversity is lacking in this case, and removal on the basis of diversity jurisdiction was improper.

### III.

The defendant also asks for jurisdictional discovery to allow it to establish that Lone Star's principal place of business is in fact in New York. However, there must be a basis for jurisdictional discovery. See Rosenberg v. PK Graphics, No. 03-cv-6655, 2004 WL 1057621, at *1 (S.D.N.Y. May 10, 2004) (denying jurisdictional discovery because the "plaintiff [did]

not provide[] sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery"); cf. Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' . . . ."). In this case, there are no colorable factual allegations that Lone Star's principal place of business is in New York. This Court declines to authorize a baseless request for discovery.

## IV.

The defendant has also filed a motion to dismiss the plaintiffs' complaint pursuant to Rule 12(b)(6). Because the Court lacks diversity jurisdiction in this case and remand to state court is necessary, the motion to dismiss must be denied without prejudice as moot.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's request for jurisdictional discovery is **denied,** and the plaintiffs' motion to remand is **granted.** The defendant's motion to dismiss is **denied without prejudice** as moot. The Clerk is directed to **remand** this action to the New York State Supreme Court, New York County, to close all pending motions, and to close this case.

SO ORDERED.

Dated:  New York, New York
        May 31, 2023

_____
John G. Koeltl
United States District Judge